**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF ARKANSAS**
**HOT SPRINGS DIVISION**

U.S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

JAN 2 6 2009

CHRIS R. JOHNSON, CLERK

BY

DEPUTY CLERK

MITZIE STEVENS, AS SPECIAL ADMINISTRATOR
OF THE ESTATE OF HARVEY FRAZIER, DECEASED
and CHARLES KUNTZ, AS SPECIAL ADMINSTRATOR
OF THE ESTATE OF FLORA KATHLEEN KUNTZ,
DECEASED

**PLAINTIFFS**

v.                            02:09-cv-**6008**

DIVERSICARE LEASING CORPORATION d/b/a
GARLAND NURSING & REHABILITATION
CENTER; DIVERSICARE MANAGEMENT
SERVICES CO.; ADVOCAT, INC.; STEVEN
LEVATO, IN HIS CAPACITY AS ADMINSITRATOR
OF GARLAND NURSING & REHABILITATION
CENTER

**DEFENDANTS**

## NOTICE OF REMOVAL

Come the Defendants Diversicare Leasing Corporation d/b/a Garland Nursing &

Rehabilitation Center, Diversicare Management Services Co., Advocat, Inc.; and Steven Levato,

by and through their attorneys, and for their Notice of Removal of the above styled and numbered

cause state:

1.      Plaintiffs filed their Class Action Complaint on January 2, 2009.  At least one

Defendant has been served with process in this matter.  Attached hereto as Exhibit "A," and by

this reference incorporated herein, are file-marked copies of all process and pleadings served

upon the removing Defendants in this action, as required by 28 U.S.C. § 1446(a).

2.      This action is removed from the Circuit Court of Garland County Arkansas.

Proper venue for the removal is laid in the United States District Court for the Western District of Arkansas, Hot Springs Division, for the removal of this matter.

     3.     Defendants' first notice of the cause of action was in the form of service of process upon the first Defendant to be served. This Notice of Removal is timely filed within 30 days thereafter. 28 U.S.C. § 1446(b).

## DIVERSITY

     4.     Defendants are entitled to remove this matter on two bases. First, removal of this action is pursuant to 28 U.S.C. § 1332, because the parties are diverse, and the amount in controversy exceeds the jurisdictional minimum required for federal court jurisdiction. Defendants acknowledge that individual Defendant, Steven Levato, is a citizen and resident of Arkansas. However, contemporaneously with filing this Notice of Removal, Defendants are presenting for filing a motion to dismiss Mr. Levato from this action, asserting he was joined as a defendant solely in an effort to defeat this court's lawful jurisdiction based on diversity. As Defendants have argued in the Motion to Dismiss, and supporting brief, Mr. Levato was improperly joined as a Defendant, and the Complaint against him constitutes an illegitimate claim against a non-diverse party solely to prevent removal, all as set forth in the brief in support of the motion.

## CLASS ACTION FAIRNESS ACT

     5.     Defendants further state that this removal is effected pursuant to the provisions of the Class Action Fairness Act (CAFA), Pub. L. 109-2, 119 Stat. 9, codified at 28 U.S.C. § 1332 (d). CAFA provides that a class action commenced after February 18, 2005 may be removed to the appropriate United States District Court if: (a) the amount in controversy exceeds the sum or

2

value of $5 million, exclusive of interests and costs; (b) any member of the putative class is a citizen of a state different from any Defendant; and (c) no specified exceptions apply.

6.     This action was commenced by filing of the Complaint in the Circuit Court of Garland County on January 2, 2009, after the effective date of CAFA.

7.     This action is a "class action" within the meaning of CAFA because Plaintiff seeks to represent a class of persons in a civil action filed pursuant to Ark. R. Civ. P. 23, which constitutes a "state statute or rule of judicial procedure" that is similar to Rule 23 of the Federal Rules of Civil Procedure, which authorizes an action to be brought by one or more representative persons as a class action.

8.     This action satisfies CAFA's amount in controversy requirement. Under 28 U.S.C. § 1332(d)(6), in any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5 million, exclusive of interest and costs. Plaintiffs have alleged in this matter that the amount of damages to which each class member is entitled for both compensatory and punitive damages is not less than the amount required for federal court jurisdiction in an action premised upon diversity of citizenship. Thus, the Plaintiffs seek a minimum amount of $75,000.00 for actual damages, and for punitive damages, for each member of the class. (See Complaint, prayer, at 18-19). While removing Defendants deny that Plaintiffs or any putative class members are entitled to recover damages in any amount, or to any other relief, these allegations are sufficient to show that the aggregate amount in controversy is greater than $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2).

9.     The putative class consists, in the aggregate, of greater than 100 persons, thus

3

exceeding the minimum number required by CAFA. 28 U.S.C. § 1332(d)(5)(B). The putative

class Plaintiffs purport to represent includes "all residents and estates of residents who resided in

the [nursing home] facility at any time within the past five years from the date this Complaint is

filed through the time of trial." (see Complaint, paragraph 1.0). The Plaintiffs' Complaint does

not allege a specific number of class members. However, attached to the Plaintiffs' Complaint as

Exhibit "D," is a copy of a minimum staffing reporting form for September 2008. Many similar

forms are attached to the Complaint as a part of that exhibit. All of them reflect a census, which

means the number of residents who occupied a bed at the facility on a particular date. All of the

census numbers are in the mid 80's to mid 90's. The putative class in this case will be well in

excess of 100 persons, based on the daily average census of some 90 persons, since the Plaintiff

has alleged the putative class to include all residents and estates of residents who resided at the

facility at any time within 5 years before filing of the Complaint, through the date of trial.

      10.    This action also satisfies CAFA's diversity of citizenship requirement. To

establish diversity jurisdiction under CAFA, it is sufficient that any one member of the putative

class is a citizen of a state different from any one Defendant. 28 U.S.C. § 1332(d)(2)(A). The

Complaint alleges that the Plaintiffs are special administrators of the estates of two former

residents of the nursing home. The Plaintiffs are both citizens and residents of Arkansas, and the

decedents in whose capacity they act were likewise citizens and residents of Arkansas. All three

of the corporate Defendants are citizens and residents of Tennessee, which is both the state of

their corporate origins and of their principal places of business. The members of the putative

class are (or were) all residents of Arkansas, since the class, by the definition proposed by

Plaintiffs, consists of residents, and estates of residents, of the nursing home facility in question,

which is located in Arkansas.

11.     Written notice of the filing of this Notice of Removal shall be promptly served on the attorney for the Plaintiffs, and a copy thereof shall be promptly filed with the clerk of the Circuit Court of Garland County,  Arkansas, pursuant to 28 U.S.C. § 1446(d).

12.     The attached as Exhibit "A," referenced in paragraph 1 above, constitutes all state court process, pleadings and other papers served upon any of the Defendants.

Wherefore, removing Defendants pray that this action be removed from the Circuit Court of Garland County Arkansas, to the United States District Court for the Western District of Arkansas, Hot Springs Division, on the basis of complete diversity of citizenship and amount in controversy, and on the further basis of the original jurisdiction of this Court pursuant to the Class Action Fairness Act; removing Defendants further pray for all other relief to which they my be entitled.

**HARDIN, JESSON & TERRY, PLC**
Attorneys at Law
P.O. Box 10127
Fort Smith, Arkansas 72917-0127
Telephone: (479) 452-2200
Facsimile:  (479) 452-9097

By: _____
Rex M. Terry
Ark. Bar No. 76128

Kirkman T. Dougherty
Arkansas Bar No. 91133

Stephanie I. Randall
Arkansas Bar No. 2000124

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I, Rex M. Terry, attorney for the Defendants herein, do hereby certify that a true and correct copy of the above and foregoing pleading has been served upon the Defendant by depositing a copy of same in the U.S. Mail, postage prepaid, addressed to:

Gene Ludwig, Esq.
Ludwig Law Firm, PLC
8501 Pinnacle Valley Road
Little Rock, AR 72223

on this 26th day of January, 2009.

Rex M. Terry